IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALIMUNUER NUERKAMALI,<br><br>Defendant. | Case No. 1:25-CR-323-AJT<br><br>Sentencing Hearing: January 28, 2025 |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, through the undersigned counsel, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("Guidelines" or "U.S.S.G."), hereby submits its position with respect to sentencing for Alimunuer Nuerkamali (hereinafter "defendant"). The parties reached a plea agreement in this matter, whereby the defendant pleads guilty to Count Three of an Indictment which charged him with threatening to kill a federal official, in violation of 18 U.S.C. § 115(a)(1)(B). The parties are jointly recommending proceeding to sentencing immediately after the plea and agreed on the applicable Guidelines, and that the properly calculated Guidelines range is 10 to 16 months' incarceration. The United States submits that a sentence of 10 months with a full term of supervision would be appropriate in consideration of the factors set forth in 18 U.S.C. § 3553(a) and will move upon the conclusion of sentencing to dismiss the remaining two Counts of the Indictment.

**BACKGROUND**

On November 5, 2025, the defendant drove to the George Bush Center for Intelligence, a Central Intelligence Agency (CIA) installation located in Fairfax County, Virginia, within the Eastern

District of Virginia.  Defendant is not authorized to enter that facility. Driving his vehicle onto the installation, he drove past the prominently displayed warning signs that he was on a Restricted Government Installation and approached the main access control gate of the facility. When the preceding vehicle was waived through the checkpoint, defendant accelerated his vehicle through the gate without authorization.

Multiple Central Intelligence Agency Police (CIAP) at the access point shouted for defendant to stop, and banged on the vehicle to get his attention. Defendant was stopped only because the vehicle that preceded him through the gate stopped, preventing defendant from continuing further. At that point Defendant was approximately 30 feet past the guarded access gate on a CIA installation. CIAP officers surrounded defendant's vehicle and observed a box cutter held in the defendant's hand out in front of his chest. Ordered to drop the weapon, Defendant told one of the responding CIAP officers "I am going to kill you; I am going to kill all of you."

After being disarmed and removed from the vehicle, Defendant continued to threaten the responding CIAP officers. Specifically, he screamed "You are all about to die, I am going to kill your Director, your time has come and you're all going to die." This prompted CIAP to conduct a K-9 sweep of his vehicle for fear of an explosive device within. After being detained, defendant told various CIAP officers that he wanted to speak to the Director about his personal issues and that he came there with the intention of "killing us all" or "killing himself." Defendant indicated that at some point in time he had access to a firearm, but none was found on him or in his vehicle.

Defendant was taken into custody by Fairfax Police and charged by a Criminal Complaint on November 6, 2025. ECF No. 1. On November 10, 2025, United States Magistrate Judge Ivan D. Davis ordered defendant detained pending trial. ECF No. 10. On December 3, 2025, defendant was indicted by a grand jury on the three Counts of the Indictment. ECF No. 15. On December 11, 2025, Judge Davis

denied defense counsel's December 2, 2025, motion for Reconsideration of the Detention Order. ECF Nos. 13, 22.

## ANALYSIS

The standards governing sentencing are well established. This Court must consult the Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when making a sentencing decision, though the Guidelines are purely advisory. *See United States v. Booker*, 543 U.S. 220 (2005). The Supreme Court has directed district courts to "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Pursuant to 18 U.S.C. § 3553(a), the Court should consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to, among other things, reflect the seriousness of the offense and adequately deter criminal conduct; (3) the kinds of sentences available; (4) the Sentencing Guidelines; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. Ultimately, the sentence imposed must meet a standard of reasonableness. *See Booker*, 543 U.S. at 260-61.

### A.    Sentencing Guidelines

The base offense level for both charges the defendant pleaded guilty to is 12. U.S.S.G. § 2A6.1(a)(1). Because the victims in this case are government officials, and the offense was motivated by their official status, a 6-level increase is added to the offense level. U.S.S.G. 3A1.2(a).

The defendant has accepted responsibility by pleading guilty and admitting to the conduct outlined in the Statement of Facts. He is therefore entitled to a two-point reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. Furthermore, since the Government considers defendant's actions to be a "single instance" under 2A.6.1(b)(6), he is entitled to a further 4-poiunt reduction.

| Description | U.S.S.G. § | Level |
|---|---|---|
| Threatening or Harassing Communications (Base Offense Level) | 2A6.1(a)(1) | 12 |
| Official Victim (Victim Related Adjustments) | 3A1.2(a) | 6 |
| Acceptance of Responsibility | 3E1.1(a) | -2 |
| Single Instance | 2A6.1(b)(6) | -4 |

With the base level, enhancement, and reductions for acceptance of responsibility, the parties agree that his Offense Level is 12, and that he has a Criminal History Category of I due to his lack of any criminal history. *See* U.S.S.G. § 4A1.1(c). The advisory Guidelines range for a total offense level of 12 with a corresponding Criminal History Category of I is 10 to 16 months of imprisonment.

      B.    **Statutory Analysis and Recommendation**

Based upon the § 3553(a) factors, the United States recommends a sentence of 10 months' incarceration, followed by a 3-year period of supervision. The government is not unsympathetic to defendant's mental health and the personal circumstances addressed by probation in a prior report, but considers his conduct to be gravely serious.

Defendant unlawfully breached one of the United States Government's most important and secure facilities in an admitted quest to kill the Director of the Central Intelligence Agency. Unlike must unauthorized personnel who are detained at the security perimeter, defendant actually made it through the armed checkpoint into the compound. Only due to the quick thinking of the preceding

4

vehicle was further penetration halted and an inherently dangerous vehicular police-pursuit averted. Defendant's response after being stopped was then to threaten the lives of the responding officers who were just doing their sworn duties in preventing unauthorized access. Even after being disarmed and detained, defendant's threats were serious enough that it was necessary to deploy additional CIAP assets to conduct an explosive search of his vehicle. All of this occurred just months after CIAP officers were previously forced to use deadly force to prevent unauthorized entry of the compound.

Here, a 10-month sentence is sufficient but not greater than necessary to achieve the goals of sentencing and would appropriately account for each of the factors set forth in § 3553(a). Additionally, this sentence will avoid unwarranted sentencing disparities, as the Guidelines seek to ensure that defendants who have committed similar crimes and have similar criminal records will receive roughly similar sentences. *See Gall*, 552 U.S. at 46 (noting that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").

In addition to the 10-month sentence, the Government respectfully requests that this Court impose the following Special Conditions of Probation:

1) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, and follow the rules and regulations of that program. Partial costs of this program shall be paid by the defendant, as directed by the probation officer, subject to the Court's ultimate review and supervision. The defendant shall waive all rights of confidentiality regarding mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

2) The defendant must take all mental health medications that are prescribed by his treating physician(s).

3) The defendant will not return to the George Bush Center for Intelligence or any property he knows or believes to be affiliated with the Central Intelligence Agency.

## CONCLUSION

For the foregoing reasons, the United States respectfully recommends that a sentence of 10 months incarceration, followed by the full 3-year maximum period of supervision, be imposed in this case.

Respectfully submitted,

Todd W. Blanche
Deputy Attorney General

By: /s/
Jason X. Hamilton
Special Assistant United States Attorney
Tony R. Roberts
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2026, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

/s/
Jason X. Hamilton
Special Assistant United States Attorney
Tony Roberts
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314